Filed 8/8/14  P. v. Elder CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>COREY ELDER,<br><br>     Defendant and Appellant. | A138214<br><br>(Solano County<br>Super. Ct. No. FCR200854) |

Corey Elder is serving an indeterminate life sentence imposed in 2008 under the three strikes sentencing regime then in effect.  After voters approved the Three Strikes Reform Act in 2012, he petitioned for resentencing.  The trial court found Elder was ineligible for resentencing.  We agree and affirm.

## I.    BACKGROUND

*Elder's Most Recent Criminal Conviction and Sentence*[1]

"On June 20, 2002, [Elder] was detained by Fairfield Police Officer David Fullen on Interstate 80 eastbound for speeding and tailgating.  [Elder] was on parole and did not have a driver's license.  Officer Fullen called for backup.  After the officer informed [Elder] that they were going to have to wait for about ten minutes, [Elder] put his car in reverse and slammed into the police car.  [Elder] then made a U-turn and traveled the wrong way on a freeway offramp and then drove on the shoulder of the freeway headed in the opposite direction of traffic.  [Elder] collided with a car traveling on the freeway,

_____

[1] Elder's July 10, 2014 request that we take judicial notice of the record in his prior appeal No. A112664 is granted.

1

causing serious injury to the driver of the other car." (*People v. Elder* (Oct. 12, 2007, A112644) [nonpub. opn.].)

Elder was charged by information with assault on a police officer (Pen. Code, § 245, subd. (c)[2]; Count I), leaving the scene of an accident (Veh. Code, § 20001, subd. (a); Count II), driving the wrong way on a divided highway causing injury (Veh. Code, § 21651, subds. (b), (c); Count III) and evading a police officer causing injury (Veh. Code, § 2800.3; Count IV). The information alleged with respect to Count III that he personally inflicted great bodily injury (§ 12022.7, subd. (a))[3] and alleged as to all counts that he suffered prior serious or violent felony convictions (former §§ 1170.12, 667) and served prior prison terms within the meaning of section 667.5.

In 2005, a jury found Elder guilty of simple assault (§ 240), a lesser included offense of Count I; hit and run without injury (Veh. Code, § 20002, subd. (a)), a lesser included offense of Count II; and guilty of the felonies charged in Counts III and IV. The jury found true the infliction of great bodily injury allegation in conjunction with Count III. The court sentenced Elder to a total term of 46 years to life.

In 2007, this court reversed the judgment as to the imposition of certain sentencing enhancements. In 2008, the trial court resentenced Elder to a total term of 43 years to life imprisonment, including an indeterminate term of 25 years to life plus a three-year enhancement for the great bodily injury finding on Count III.

*Three Strikes Reform Act of 2012*

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who [was] convicted of any new felony [was] subject to an indeterminate life sentence. The

---

[2] All undesignated statutory references are to the Penal Code.

[3] The information made the great bodily injury allegation as to count IV as well, but the prosecutor dismissed that allegation before trial.

2

Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167–168.)

*Elder's Petition for Resentencing*

In February 2013, Elder petitioned for resentencing pursuant to section 1170.126. He argued that he satisfied the eligibility criteria set forth in section 1170.126, subdivision (e) (section 1170.126(e)). The People opposed the petition, arguing Elder was ineligible under section 1170.126(e)(1), which requires the petitioner to be "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies *that are not defined as serious and/or violent felonies by* subdivision (c) of Section 667.5 or *subdivision* (*c*) *of Section 1192.7*." (Italics added.) Section 1192.7, subdivision (c)(8), provides that "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice" is a serious felony. The People argued that Elder's felony conviction of driving the wrong way on a highway (Count III), coupled with the jury's finding that he personally inflicted great bodily injury on a nonaccomplice in committing that offense, rendered him ineligible for resentencing pursuant to section 1170.126(e)(1). Elder argued the language of section 1170.126(e)(2), which renders an inmate ineligible for resentencing if he or she *intends* to inflict great bodily injury while committing an offense, implied that inmates are *not* excluded if they *un*intentionally inflicted great bodily injury. (See §§ 1170.126(e)(2), 1170.12, subd. (c)(2)(C)(iii).) He argues on appeal, and apparently

3

argued in the trial court,[4] that the trial evidence did not demonstrate that he *intended* to cause great bodily injury when he committed the underlying offense. The court denied the petition, finding Elder not eligible for resentencing for the reasons argued by the People.

## II. DISCUSSION

A. *Appealability*

The People argue the trial court's determination that Elder was not eligible for resentencing under the Act is not an appealable order. We disagree.

The right of appeal is statutory, and a judgment or order is not appealable unless authorized by statute. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) The Act does not specifically address whether a trial court's denial of a petition for recall of sentence under section 1170.126 is appealable. The general statute governing appeals in criminal matters provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) Thus, the question is whether a trial court's order under the Act regarding eligibility affects a substantial right of either party. We conclude that it does. While many if not most eligibility determinations for resentencing under the Act may be straightforward, not all necessarily are. Any error regarding eligibility for resentencing under the Act would unquestionably affect substantial rights by foreclosing the possibility of a reduced sentence. We recognize that there is a split of appellate opinion on this question. The Supreme Court

---

[4] The clerk's transcript includes a petition for resentencing filed by Elder on February 8, 2013; points and authorities regarding ineligibility for resentencing filed by the People on February 14, 2013; and a "Response to Petitioner's Reply to Opposition for Resentencing (1170.126)" filed March 1, 2013 by the People, which suggests that Elder filed a reply that is not in the record. At a February 25, 2013 hearing, Elder had been granted leave to submit further briefing and he argued at that hearing that there was no intent to cause great bodily injury in his criminal case. Elder further argued in a postappeal motion to recall the sentence that there was no evidence of intent in his case and in that motion he asked the court to supplement the record with evidence from the trial record so he could establish that fact. The court denied the motion for lack of jurisdiction and also on the merits.

4

has granted review to resolve the issue. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264; *People v. Wortham* (2013) 220 Cal.App.4th 1018, review granted Jan. 15, 2014, S214844.) Pending Supreme Court resolution of this conflict, we hold these determinations are appealable. Accordingly, we address Elder's appeal on the merits.

B.      *Alleged Failure to Plead and Prove Commission of a Serious Felony*

Elder first argues the People failed to plead and prove commission of a serious felony as to Count III and thus he cannot be found ineligible for resentencing under section 1170.126(e)(1) on the ground that his last offense was a serious felony. His argument rests on a strained reading of the record and we reject it.

The information charged Elder in relevant part as follows:

"COUNT III

"On or about June 20, 2002, defendant(s) COREY JAMES ELDER did commit a felony namely DRIVING THE WRONG WAY ON A DIVIDED HIGHWAY, a violation of Section 21651(b) of the Vehicle Code of the State of California, County of Solano, in that said defendant did willfully and unlawfully drive a vehicle on a highway in violation of this section which resulted in INJURY TO [the victim].

"The above offense is a felony within the meaning of section 21651(c) of the Vehicle Code.

"COUNT IV

"On or about June 20, 2002, defendant(s) COREY JAMES ELDER did commit a felony namely EVADING AN OFFICER CAUSING INJURY, a violation of Section 2800.3 of the Vehicle Code of the State of California, County of Solano, in that said defendant did willfully and unlawfully . . . . [details of violation].

"It is further alleged that the Defendant caused serious bodily injury to [the victim].

5

"*It is further alleged as to COUNTS THREE AND FOUR that in the commission of the above offense the said Defendant(s): COREY JAMES ELDER, personally inflicted great bodily injury upon* [*the victim*], *not an accomplice to the above offense, within the meaning of Penal Code Section 12022.7(a) and also causing the above offense to become a serious felony within the meaning of Penal Code Section 1192.7(c)(8).*

"NOTICE: This offense is a serious felony and a violent felony within the meaning of Penal Code sections 1192.7(c)(8) and 667.5(c)(8).

"It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and 667(b) through (i) as to COUNTS ONE, TWO, THREE AND FOUR that the Defendant(s): COREY JAMES ELDER, has suffered the following prior conviction(s) . . . ." (Italics added.)

The import of the italicized paragraph is disputed. Elder argues use of the singular in the phrase "causing *the above offense* to become a serious felony" limits the paragraph's application to Count IV, the most immediately-preceding listed offense and for which the great bodily injury allegation was later dismissed. The People argue the language "It is further alleged as to COUNTS THREE AND FOUR" clearly communicates that the paragraph applies to both Counts III and IV. We find the People's construction reasonable and Elder's not. The paragraph is prominently and clearly identified as relating "to COUNTS THREE AND FOUR." The use of the singular in the phrase "the above offense" throughout the paragraph is a readily apparent typographical error, since otherwise the reference to "COUNT[] THREE" would have no significance.

Elder does not contend that he lacked actual notice that the enhancement was alleged as to Count III or that the jury found the great bodily injury allegation true as to that count. We thus hold the great bodily injury enhancement allegation (and notification that the enhancement allegation would cause the offense to become a serious felony) was properly pleaded and proved as to Count III at Elder's trial.

C.      *Alleged Conflict Between Sections 1170.126(e)(1) and 1170.126(e)(2)*

Elder next argues there is an inherent inconsistency in the Act, creating an ambiguity that should be resolved in his favor, such that the trial court has discretion to

resentence him under the Act.  He contends that the trial court erred in "applying the letter of the law" and that his eligibility for resentencing should be evaluated "in the context of the initiative as a whole and taking into consideration the overall purpose of the [Act]."  Elder insists that the rule of lenity requires resolution of any doubts or ambiguities regarding the meaning of a statute to be resolved in his favor.  (*People v. Scott* (2014) 58 Cal.4th 1415, 1426.)  We are not persuaded.

Under the express terms of section 1170.126(e)(1), an inmate serving a third-strike indeterminate life sentence for a crime that is a serious or violent felony is not eligible for resentencing.[5]  As discussed, Elder stands convicted of a serious felony.  Elder, however, focuses on section 1170.126(e)(2).  Under this section, an inmate serving a third-strike sentence for offenses appearing in section 1170.12, subdividion (c)(2)(C)(i) to (iii) is ineligible for resentencing, regardless of whether those offenses were serious or violent felonies.[6]  Elder points to section 1170.12, subdivision (c)(2)(C)(iii), covering offenses where the prosecution pleaded and proved that "[d]uring the commission of the current offense, the defendant . . . *intended* to cause great bodily injury to another person." (Italics added.)  Elder argues that the Legislature, having expressly excluded, under section 1170.126(e)(2), offenders who *intended* to cause great bodily injury from the benefits of the Act could not have also intended to include, under section 1170.126(e)(1), offenders who did not intend to inflict great bodily injury.  Under his view, it is the *intent* to inflict bodily injury that would establish a defendant as a "dangerous criminal" within the intended purview of three strikes sentencing, as amended by the Act.  It is true that

---

[5] Similarly, under section 1170.12, subdivision (c)(2)(A) and (C), a current offender convicted of a serious or violent felony who has two or more prior serious or violent felony convictions is not eligible for more lenient sentencing under the Act.

[6] Similarly, under section 1170.12, subdivision (c)(2)(C), current offenders convicted of offenses appearing in section 1170.12, subdivision (c)(2)(C)(i) to (iii) who have two or more prior serious or violent felony convictions are ineligible for more lenient sentencing under the Act, regardless of whether they are serious or violent felonies.

the People did not plead or prove intent to cause great bodily injury at trial, and Elder argues trial evidence did not support a finding of such intent.

Elder's flawed argument relies on his elision of the serious or violent felony requirement in section 1170.126(e)(1). That section deals, among other things, with an offense in which the defendant actually *inflicted* great bodily injury (thus causing the offense to become a serious felony) regardless of whether the offender intended to inflict that injury. Section 1170.126(e)(2) patently deals with offenses that are *not* otherwise a serious or violent felony (such that a defendant is not already rendered ineligible under section 1170.126(e)(1)), but where the offender *intended* to commit such injury, regardless of the fact that great bodily injury was not suffered. As the trial court recognized, no inherent tension exists between these two excluded categories of offenders.

Elder also argues in passing that the subparagraphs of 1170.126(e), which are written in terms of eligibility rather than ineligibility, should be understood as independent grounds for eligibility rather than cumulative requirements. He writes, "[N]othing in the plain language of [section 1170.126(e)], in the [Act], or in the ballot pamphlets for Proposition 36 . . . suggests that [section 1170.126(e)(1)] should be given any priority over [section 1170.126(e)(2)]. In the absence of any statutory language or other authority to support the [People's] argument, each of the three criteria under [section 1170.126(e)] should be given equal consideration."

Section 1170.12, however, unambiguously requires current offenders to meet the equivalent requirements of *both* paragraphs (1) *and* (2) of section 1170.126(e) before they can gain the benefits of the Act. As relevant here, section 1170.12, subdivision (c)(2)(C)(iii) provides: "*If* a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and *the current offense is not a felony described in paragraph (1) of subdivision (b) of this section* [which includes a serious or violent felony], the defendant shall be sentenced pursuant to paragraph (1) of subdivision (c) of this section [i.e., the more lenient sentencing regime of the Act], *unless*

8

*the prosecution pleads and proves . . . [¶] . . . [¶] . . . [d]uring the commission of the current offense, the defendant . . . intended to cause great bodily injury to another person."* (Italics added.) In other words, the three strikes sentencing structure for current offenses provides for enhanced sentencing if *either* the current offense is a serious felony *or* if the prosecution establishes an intent to cause great bodily injury. Elder does not explain why the Legislature would have made the standards for resentencing of third-strike inmates more lenient than the standards for sentencing current third-strike offenders. In other respects, the Legislature made the resentencing standards more stringent: the trial court has discretion to deny resentencing to eligible inmates if it determines resentencing would pose an unreasonable risk of danger to public safety but lacks that discretion as to current offenders. (§ 1170.126, subd. (f); *People v. Yearwood, supra,* 213 Cal.App.4th 161, 168.)

The rule of lenity Elder seeks to rely upon applies when "two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable." (*People v. Avery* (2002) 27 Cal.4th 49, 58; *People v. Scott, supra,* 58 Cal.4th at p. 1426.) We do not find the interpretation Elder urges to be a reasonable one. The plain meaning of the Act is that an inmate must meet the requirements of all subdivisions of section 1170.126(e) in order to qualify for resentencing. Elder does not.

After close of briefing, and prior to oral argument, Elder directed our attention to *In re Machado* (2014) 226 Cal.App.4th 1044. In that case, Division One of the Second District Court of Appeal held that a defendant serving two consecutive three-strike terms was eligible for Proposition 36 resentencing on the offense which did not qualify as a serious or violent felony under section 1170.126, notwithstanding his ineligibility for resentencing on the serious or violent felony count (noting that resentencing on Machado's nonserious, nonviolent felony could result in parole eligibility and possible release 19 years earlier). Division Seven of the Second District had reached a contrary conclusion, and the Supreme Court has since granted review in each case. (*Braziel v.*

9

*Superior Court* (2014) 225 Cal.App.4th 933, review granted July 30, 2014, S218503; *In re Machado*, review granted July 30, 2014, S219819.)

We need not decide here how to resolve the issue addressed in these cases, which are now depublished. Elder never argued that he is entitled to resentencing on his nonserious felony count (Count IV). He argued, and continues to argue, that he is eligible for resentencing on his serious felony—a position clearly unsupported by the statute. He has therefore forfeited the issue. Further, Elder's sentence on his nonserious felony was stayed under section 654. Resentencing on Count IV would have no meaningful impact on his term of imprisonment for his noneligible offense.

### III. DISPOSITION

The order denying Elder's petition for resentencing is affirmed.

_____
Bruiniers, J.

We concur:


_____
Jones, P. J.


_____
Simons, J.